Cox *v.* Peters.

---

CHARLES F. COX *vs.* JOHN PETERS and MR. JOHNSON.

When a partnership is dissolved by mutual consent, or determined by the will of either party, a Court of Chancery will not *as of course* assume the control of the business, and place it in the hands of a receiver. This course will be taken only where it appears necessary to protect the interest of the parties.

This case came before the court on a motion to dissolve the injunction, which had been granted on filing the bill.

*M. Beasley*, of counsel with complainant.

*F. B. Chetwood*, of counsel with defendant.

THE CHANCELLOR. The defendants ask a dissolution of the injunction issued in this cause, upon the ground that the equity of the bill is denied by the answer.

The bill charges that Peters, in violation of the articles of partnership, had failed to advance the sum of $5000, as a capital for the firm; that the defendants had fraudulently combined for the purpose of excluding the complainant, and had in fact excluded him from participation in the business of the firm and from receiving his share of the profits.

These charges constitute the whole equity of the complainant's bill. I think that they are all fully denied by the answer, and consequently the injunction must be dissolved.

It is urged, on the part of the complainant, that upon the case made by the answer, a receiver must be appointed, which will render the continuance of the injunction necessary. By the articles of partnership, the business was to be continued " for the term of —— years." The complainant charges, in his bill, that at the time of the agreement, it was understood that the partnership should continue for a number of years, and that three or five years was suggested as a proper period for its continuance; but it was not definitely settled, and the blank was to be filled thereafter. The defendants, by their answer, allege that no time for the continuance of the partnership was suggested or agreed upon at the time of entering into the agreement; that it was then purposely left in blank to be agreed upon thereafter, and that it has

never been agreed upon. It is thereupon insisted that, as the partnership is not to endure for a time certain, either party may dissolve it at his pleasure; that the court will treat it as already dissolved, and in that event the appointment of a receiver and the continuance of the injunction is a matter of course.

It has been held that, where either party had a right to dissolve the partnership upon a bill filed for the purpose of closing its affairs, the appointment of a receiver is a matter of course. *Law* v. *Ford*, 2 *Paige* 310; *Marten* v. *Van Schaick*, 4 *Paige* 479.

The principle must, I think, be adopted with some qualifications. Upon what principle is it, if one dissatisfied partner chooses to withdraw from the firm, that the entire management of the business should be taken from the hands of other partners, and vested in a receiver? If the other partners are open to no impeachment on the ground of integrity or responsibility, why should they be deprived of the control of their affairs, and be subject to the costs and charges of a receiver?

In *Harding* v. *Glover*, 18 *Vesey* 284, the Chancellor said, "I have frequently disavowed, as a principle of this court, that a receiver is to be appointed merely on the ground of a dissolution of partnership. There must be some breach of the duty of a partner or of the contract of partnership."

And in *Butchart* v. *Dresser*, 4 *De Gex; Macn. & Gordon* 543, cited in *Edwards on Receivers* 324, it is said the authority of a partner continues after a dissolution for all purposes of winding up, and it is only where he is exercising unduly any power which he has as a partner that the affairs of the partnership would be wound up under the discretion of the court and a receiver appointed.

The true principle is that adopted by Chancellor Williamson, *viz.* that where a partnership is dissolved by mutual consent, or determined by the will of either party, a Court of Chancery will not as of course assume the con-

* D

trol of the business, and place it in the hands of a receiver. A receiver will be appointed only where it appears necessary to protect the interest of the parties. *Renton* v. *Chaplain*, 1 *Stockt.* 62 ; *Birdsall* v. *Colie*, 2 *Stockt.* 63.

But admitting the existence of the general rule, it is based on the principle that each partner has an equal right to the possession and control of the partnership effects and business. But by the article of partnership between these parties, the whole capital was to be advanced by Peters, the business to be conducted in his name, and owned alone by him. The entire capital was in fact advanced by him. And whatever may be the rights or claims of creditors as against the property, as between the partners themselves, the entire capital advanced, after the payment of debts, belongs to Peters. The complainant has no interest in the property upon the dissolution of the firm beyond his share of the profits.

Under such circumstances, where there is no suggestion of insolvency or irresponsibility, and no proof of fraud, there can be no equity in wresting the management of the property from the hands of the real owner, and placing it in the hands of a receiver. As the case now stands, there is no necessity for the appointment of a receiver, and no reason for the continuance of the injunction upon that ground. The partnership still continues, and upon the case made by the answer, there is no ground for the interference of the court with the management of the concerns of the partnership by the partners themselves. When a dissolution is decreed, a receiver may, if necessary, be appointed.

The injunction is dissolved with costs.